JAMIE LEE BLEDSOE          06-14-00138-CR   IN THE Court of Appeal
                VS                          Sixth Appellate District
The STATE of TEXAS         12-0374X         The Court of Appeals TEXAS

RECEIVED
The Court of Appeals
Sixth District

MAY 2 2 2015

Texarkana, Texas
Debra Autrey, Clerk

FILED
The Court of Appeals

MAY 2 2 2015

Texarkana, Texas
Debra Autrey, Clerk

# MOTION REQUESTING Acknowledgment

TO THE HONORABLE Justice OF SAID COURT:
    NOW Come's THE APPellant IN THE ABOVE AND NUMBERED CAUSE. AND Respectfully ASK this Court TO Acknowledgment THE factual Contention OF This motion.

APPellate Will Shows the Court the following:

## A.

ON May 8th 2015 APPellate recieved a document from the Court of APPeals Sixth APPellate District indicating that the above Cause has been set for Submission on briefs, Without oral argument, for May 29, 2015.

## B.

APPellate Respectly ask's this Court to take Judicial Acknowledgment of the Factual Contention alleged below.

## Statutory Provision

APPellant's Sentence is un Lawful because it do Not Meet the requirement. of 12.425(b)

## Legal & factual fact's

ON November 5th 1998 the Court of appeals Sitting en banc Unanimously affirmed the Judgment of the trial Court in the Case of the State of Texas. v. HARVEY Lee webb. "APPellee"

Page 1

The State attempted to use a Previous enhanced state Jail felony that was enhanced under 12.42 (a)(2) that was enhanced to a second degree to further enhance his conviction to a term between 25 and 99 years under 12.42(d)

IN a unanimously decision the Judge' of the Court of Criminal Appeal's denied the State contention and affirmed the Judgment in favor of Webb.

Judge Keller" concur delivered a concurring opinion with these comments. I Join the Court's opinion insofar as it "holds" that a state Jail felony enhanced under 12.42 (a)(2) cannot be enhanced again under 12.42 (d). DATE DELIVERED: March 1, 2000

The factual and Legal claim is because they could not further enhance under 12.42(d) is because the Legislature amended 12.42(d) with the Language to say (d) Except as Provided by Subsection (c)(2) or (c)(4), if it is shown on the trial of a felony offense "Other" than a state Jail felony Punishable under Section 12.35 (a)

They tried to argue that the Phrase "Punishable" under as used throughout 12.42. refers to the specific Provision Providing the range of Punishment under which the defendant Sentence is assessed that is, although "Webb" was tried and convicted of a state Jail felony "Punishable" under 12.35 (a) "once his conviction was enhanced Pursuant to 12.42 (a)(2) it was no Longer "Punishable under 1235(a) making it a second degree felony." As such, the State assert that 12.42(d) allows for further enhancements with the requisite felony offense.

The State then tried to assert that 12.42(a)(a) did not include the language of other than a state jail felony and that it did not apply.

So what the Legislature done in 2011, the Legislature amended 12.42(a)(2) and enacted 12.425(b) in 12.425(b) they now included the language of two felony's other than a state jail felony Punishable under 12.35(a) in it's statute. for 12.425(b)

In Bledsoe case the Harrison co court used the same scheme as the Tarrant County Court used in Webb case, the only different is that the Harrison co court used the Previous enhanced state jail felony Punishable under 12.35(a) as a regular felonie alleging that it lost it's character as a state jail felony Punishable under 12.35(a) once it was enhanced.

They used it with a non state jail felony and Punished Bledsoe to 20 years. (18) years out of the Prescribed Punishment range.

further, if the Legislature had intended that a non-aggravated state jail felony be eligible for enhancement under 12.425(b) because it was Previous enhanced it is likely that they would have included this language some where in the statute.

There is not one case law the State can use for support of this illegal Punishment, therefore Appellant respectfully ask's this Court to acknowledge this factual and legal claim.

PRAYER.

WHERE FORE, PREMISE, Considered. Appellant Pray's that this Honorable Court will grant all relief deemed Proper.

Respectfully Submitted
Jimmie Lee Bledsoe

## Certificate Of Service

I, Jamie Lee Bledsoe, hereby Certify under Penalty of Perjury that a true and Correct Copy of the motion has been Provided to DEBRA K. AUTREY, Clerk at the BI-State Justice Building at 100 North State Line AVENUE # 20 TEXARCANA TEXAS 75501 On this day of MAY 20th 2015.

Jamie Bledsoe